Stephenson v. Lynch

BIA
Straus, IJ
A075 199 250

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

PRESENT:
>PIERRE N. LEVAL,
>DEBRA ANN LIVINGSTON,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

JOSEPH ANTHONY STEPHENSON, AKA
JOSEPH ANTHONY BUDDOO,

>*Petitioner,*

>v.                                              15-122

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

>*Respondent.*

_____

FOR PETITIONER:            JUSTIN CONLON, Hartford, Connecticut.

FOR RESPONDENT:            YANAL H. YOUSEF, Trial Attorney; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Joseph Anthony Stephenson, a native and citizen of Jamaica, seeks review of a December 15, 2014, decision of the BIA affirming the July 22, 2014, decision of an Immigration Judge ("IJ") denying Stephenson deferral of removal under the Convention Against Torture ("CAT") and ordering him removed. *In re Joseph Anthony Stephenson*, No. A075 199 250 (B.I.A. Dec. 15, 2014), *aff'g* No. A075 199 250 (Immig. Ct. Hartford July 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA did not consider (the IJ's finding that Stephenson was removable for having been convicted of two crimes involving moral turpitude). *See Xue Hong Yang v. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Although we generally lack jurisdiction to review a final order of removal against an alien, such as Stephenson, who is removable by reason of having committed an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C); *Ortiz-Franco v. Holder*, 782 F.3d 81,

2

86 (2d Cir. 2015), we retain jurisdiction to review constitutional claims and questions of law, which we review de novo, *see* 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Preclusion

Stephenson's argument that the doctrines of res judicata and collateral estoppel precluded the Department of Homeland Security ("DHS") from lodging charges of removability against him based on his 2009 robbery conviction raises a question of law that we have jurisdiction to review. *See Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). His argument, however, is foreclosed by *Channer*. The Government may institute a second removal proceeding to charge an alien as removable for an aggravated felony conviction when the second charge is based on a different conviction for a distinct criminal offense than the conviction underlying the first charge. This rule applies irrespective of whether the charge could have been raised in an earlier proceeding. *Id.* at 281-82.

In Stephenson's first proceeding, DHS did not charge him as removable on account of his 2009 robbery conviction (relying solely on his 2004 and 2007 larceny convictions). And, in that first proceeding, the IJ declined to consider whether Stephenson's robbery conviction constituted an aggravated felony barring him from cancellation of removal. Therefore, because DHS had not previously

3

charged Stephenson as removable based on his robbery conviction, and the IJ had never decided whether that conviction constituted an aggravated felony, DHS was not precluded from initiating a second removal proceeding based on that conviction, nor was the IJ barred from deciding the issue. *See id.* The petition for review is denied to this extent.

Deferral of Removal

Stephenson argues that, given the IJ's determination that he is likely to be detained upon removal to Jamaica, the IJ erred as a matter of law in concluding that he failed to demonstrate a likelihood of torture or a likelihood that Jamaican officials would torture or acquiesce to his torture with the requisite specific intent. He relies on country conditions evidence discussing unlawful killings by police, gang violence, societal stigmas against the mentally ill, and instances of abuse against prisoners (both mentally ill and healthy). Stephenson's challenge to the IJ's evaluation of the country conditions evidence and determination as to the likelihood of events in Jamaica upon his return is a challenge to the IJ's factual findings, which we lack jurisdiction to review. *See Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007); *see also Hui Lin Huang v. Holder*, 677 F.3d 130, 134-35 (2d Cir. 2012). We

4

dismiss the petition for review to this extent.  *See Ortiz-Franco*, 782 F.3d at 91.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5